# DISTRICT OF COLUMBIA *v.* WORMLEY.

NOTICE; PUBLIC IMPROVEMENTS; SPECIAL IMPROVEMENT TAXES;
REASSESSMENT.

1. Notice to a property owner by the District of Columbia of an
   intention to assess his property for special improvements is
   necessary only at some time before the settlement and entry
   of the assessment against his property, in order that he may
   have an opportunity to question the constitutionality of the
   law under which the assessment is to be made, the facts in
   respect of the cost of the work, and whether the amount
   charged exceeds the special benefits received by him; *follow-
   ing* District of Columbia v. Burgdorf, 6 App. D. C. 465.
2. A reassessment against abutting property for one-half the cost of
   a sidewalk, levied by the District of Columbia under the pro-
   visions of the Act of Congress of April 24, 1896, authorizing
   such reassessment, is valid if made after due notice and within
   90 days from the date of the judgment annulling the first as-
   sessment for failure to give due notice of such assessment to
   the property owner.

No. 885.  Submitted May 2, 1899.  Decided June 6, 1899.

HEARING on an apppeal by the District of Columbia from
a judgment of the Supreme Court of the District of Columbia
rendered in a proceeding by *certiorari* to vacate a special
improvement tax.  *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. S. T. Thomas,* Attorney for the District of Columbia,
and *Mr. A. B. Duvall,* Assistant Attorney, for the appellant:

1. The Act of Congress authorizing reassessment is con-
stitutional and valid.  While it does not in terms provide
for notice to the property owner, in point of fact, sufficient
notice of intention to reassess in this case was given by ad-
vertisement, and such notice was in pursuance of a general
order of the Commissioners, dated June 24, 1896, providing

that in all cases of reassessment of general taxes and assessments for local improvements, notice by publication should be given twice a week for two weeks in one or more newspapers in the city of Washington, describing the lot or parcel of land to be reassessed, etc., and fixing a time and place when and where property owners affected might appear and present objections. The statute will not be declared void because it does not in terms provide for notice. *Mayor* v. *Grand Lodge,* 60 Md. 280; *Paulsen* v. *Portland,* 149 U. S. 38; *Allman* v. *District of Columbia,* 3 App. D. C. 25; *Spencer* v. *Merchant,* 125 U. S. 345; *District of Columbia* v. *Burgdorf,* 6 App. D. C. 465.

2. The reassessment complained of is regular. Where at the time of the attempt to levy and assess a tax or assessment, the municipal authorities have jurisdiction of the subject matter, and the acts necessary to be done to acquire jurisdiction and make a valid assessment are prescribed by the statute, and the defect consists in a failure to perform all the acts required, or to perform them or some of them in the mode or within the time required, the legislature has power to legalize the tax or assessment as made, or to authorize a reassessment by providing for the doing of the acts omitted, or by dispensing with the omitted acts, if not necessarily jurisdictional, and making the assessment as originally attempted. Unless controlled by other than constitutional limitations, the legislature has power within certain exceptions, as where the defect or invalidity is owing to entire failure to acquire jurisdiction in the incipient proceedings, either by direct curative legislation or provision for reassessment, to legalize any tax or assessment which it might have authorized or provided for in the first instance. Welty on Assessments, 383; *Tefft* v. *Buffalo,* 82 N. Y. 204; *Thompson* v. *Lee County,* 3 Wall. 327; *O'Brien* v. *Baltimore,* 51 Md. 24; *People* v. *Mitchell,* 55 N. Y. 552. There is no pretense in this case that the improvement in respect of which the original assessment was levied was not necessary or proper, or that

the mode of proceeding in making the assessment affected the substantial interests of the petitioner.

A party has no vested right in defects based upon an informality not affecting his substantial interests. Cooley Const. Lim. 370, and cases cited. The precedent enumeration of certain defects in the Act of Congress of April 24, 1896, in regard to reassessment was merely by way of illustration, and was not intended to be exclusive. The idea was to reassess in all cases where original assessments were quashed upon any ground other than the right of the public authorities to make the improvement. *De Treville* v. *Small,* 98 U. S. 517, 525; *Howell* v. *Buffalo,* 37 N. Y. 267; *In re Van Antwerp,* 56 N. Y. 261; *Sav. Inst.* v. *Newark,* 52 N. J. L. 1; *Tuttle* v. *Polk,* 84 Iowa, 12.

The legislature may ratify and cure through reassessment by the local authorities, that which it might have constitutionally and lawfully authorized in the first instance. Whatever in the form and mode of proceedings, not going to the ground work and justice of the tax which has failed, the legislature might have dispensed with in the first instance, the same dispensation may be granted afterward. It may dispense with the giving of a notice where that was made necessary, or with the enforcing of work or competition by receiving bids and awarding it to the lowest bidder where that was required, or with other like informalities in the proceedings to make an assessment or levy. These things, though in general very expedient and wise, can not be said to be essential to the exercise of the taxing power. *Dean* v. *Borchserius,* 30 Wis. 247.

3. Failure to give notice of intention to make the improvement in respect of which the original assessment was levied can not affect the validity of the reassessment. *Chicago* v. *Ward,* 39 Ill. 9; *Townsend* v. *Menifee,* 88 Mich. 408.

*Mr. D. W. Baker, Mr. John C. Gittings, Mr. Malcolm Hufty* and *Mr. E. Richard Shipp* for the appellees:

1. The Commissioners of the District of Columbia had no authority whatever to make this assessment. The act does not give them the right to reassess in all cases, but it says that a reassessment may be made in certain specific cases. The original assessment was quashed by reason of the fact that the Commissioners had no authority or jurisdiction to levy the tax or make the assessment because they proceeded without due process of law, and their action was unconstitutional, null and void. The assessment itself was not merely null and void, but the whole action of the Commissioners was null and void, as being an attempt to take the property of parties interested without due process of law. *Allman* v. *Dist. of Col.*, 3 App. D. C. 8.

2. Unless the Commissioners had jurisdiction in the original assessment they have no right to make a reassessment. Jurisdiction implies not merely jurisdiction of the subject-matter, but also jurisdiction of the parties and procedure according to rules of law. Even if the Commissioners had in themselves the right to make this assessment, still if they failed to acquire jurisdiction over the parties or to proceed according to due process of law, they had no right whatever to make the assessment originally made in these cases. *Dist. of Col.* v. *Humphries*, 12 App. D. C. 122.

3. Both the original acts under which these assessments were made and this reassessment act are unconstitutional, null and void, because they lay down a rule for special assessment and reassessment without any regard to the benefit that the property assessed or reassessed may derive from such improvement. No assessment or reassessment can be made against property unless made by a rule that takes into consideration the benefit, and does not arbitrarily attempt to assess it for a certain amount without any regard to the benefit derived. *Norwood* v. *Baker*, 172 U. S. 269. The court in that case laid down the proposition that it makes no difference whether the amount of the assessment levied may not be exactly the same as the one that would

be levied under a rule that would take into consideration the benefit done to the property, still if the rule under which the authorities proceed be wrong, the action of the authorities is unconstitutional, null, and void.   See, also, *Allman* v. *Dist. of Col.*, 3 App. D. C. 21.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. The District of Columbia appeals from a judgment, rendered in a proceeding by *certiorari*, vacating the reassessment of certain special improvement taxes against sublot 116, in square 274, in the city of Washington.  The lot, as described in the assessment proceedings and in the petition, fronts 60 feet on U street, and belongs to the petitioner.   It was originally assessed under the act of August 6, 1890, and specially charged with the sum of $65.24, said amount being one-half of the cost of a curb and sidewalk constructed along said frontage.   On a writ of *certiorari*, sued out by the petitioner, the Supreme Court of the District set aside said assessment on May 26, 1896, guided, apparently, by the views expressed by this court in several analogous cases. *Allman* v. *Dist. of Col.*, 3 App. D. C. 8; *Jones* v. *Dist. of Col.*, 3 App. D. C. 26; *Dist. of Col.* v. *Burgdorf*, 6 App. D. C. 465.

2. In order to correct certain inequalities of taxation proceeding from these and other adverse decisions, and pursuant, it is said, to a suggestion made in the *Burgdorf Case, supra,* 481, Congress passed an act to authorize reassessment for improvements and general taxes.   This act, approved April 24, 1896, reads as follows:

"*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That the Commissioners of the District of Columbia be, and they are hereby, authorized and directed, in all cases where general taxes or assessments for local improvements in the District of Columbia may hereafter be quashed, set aside or declared void by the Supreme Court of said District, by reason of an imperfect or erroneous description of the lot or parcel of

ground against which the same shall have been levied by reason of such tax or assessment not having been authenticated by the proper officer, or of a defective return of service of notice, or for any technical reason other than the right of the public authorities to levy the tax or make the improvement in respect of which the assessment was levied, to reassess the lot or parcel of ground in respect of such general taxes or the improvement mentioned in such defective assessment, with power to collect the same according to existing laws relating to the collection of assessments and taxes: *Provided,* That in cases where such taxes or assessments shall be quashed or declared void by said court, for the reasons hereinbefore stated, the reassessment herein provided for shall be made within ninety days after the judgment or decree of said court quashing or setting aside such taxes or assessments and any amount heretofore paid upon an assessment which has been declared void shall be credited the owner upon the reassessment made under the provision of this bill."

3. On June 30, 1896, the District Commissioners published, in a newspaper of the city of Washington, a notice of intention to reassess, against certain lots therein named—including that of petitioner—one-half the costs of the improvements that had been made. The owners were by name notified that the Commissioners would give a hearing at the District building, on Friday, July 17, 1896, at 12 o'clock M., to any and all persons who might desire to object to said reassessments being made. From the return to the writ it appears that petitioner made no appearance; and, on July 20, 1896, the Commissioners reassessed the said lot with the charge of $65.24, the same being one half of the actual cost of the improvement for which the original assessment had been made.

4. The provision of the General Appropriation Act of August 6, 1890, under which the work had been done, authorized the Commissioners to construct and improve curbs and sidewalks, when in their opinion necessary for

the public health, safety and comfort.   One-half of the actual cost was ordered to be assessed against the abutting property, and "levied *pro rata* upon said property according to its linear frontage, upon such terms and regulations as to notice to proprietors, and the methods and terms of such notice, as shall seem to the Commissioners right and proper, due notice of such terms and regulations being given by publication thereof in some newspaper published in the city of Washington for such time as said Commissioners shall prescribe." 26 Stat. 296.

In *Jones* v. *Dist. of Col.*, 3 App. D. C. 26, 29, it was held, that to make an assessment under said act valid, notice must be given to the owner at some serviceable stage of the assessment proceeding, and not after its completion, in the form practically of a demand for payment. In *Dist. of Col.* v. *Burgdorf*, 6 App. D. C. 465, 478, 486, under an act which, like that of 1890, provided a uniform rate of assessment of the property abutting on the local improvement, it$_o$ was held that notice to the owner was not necessary before the commencement of the work, but only before the settlement and entry of the assessment upon the tax record.   "Under that notice," it was said, "all questions and objections, not concluded by legislative action, may be taken and urged against the whole proceeding.   This, in such case, would seem to be all the notice that the property owner really requires or is entitled to receive."   And in cases of assessments under such acts, it was also said, that the writ of *certiorari* will lie when required to effect substantial justice, but not to allow a party to avail himself of technical objections, or mere irregularities in the proceedings.   Id. 471.

The doctrine of the *Burgdorf Case*, in respect of notice required, was reaffirmed in *Parsons* v. *Dist. of Col.*, 8 App. D. C. 391.   That case was appealed to the Supreme Court of the United States and the decision affirmed.

As stated in the opinion of the Supreme Court: "The

proposition chiefly urged is, that, in all cases where proceedings are to be had for the taking of property, or to impose a burden upon it, the statute itself must provide for notice to the property owner; otherwise it is unconstitutional; and that the statutes under which the present proceeding was had did not provide for notice to the owner of land to be assessed, nor give him an opportunity to be heard." In affirming the constitutionality of the act and the validity of the assessment, it was said: "There is a wide difference between a tax or assessment prescribed by a legislative body, having full authority over the subject, and one imposed by a municipal corporation, acting under a limited and delegated authority. And the difference is still wider between a legislative act making an assessment, and the action of mere functionaries, whose authority is derived from municipal ordinances. . . . When by the act of August 11, 1894, Congress enacted that thereafter assessments levied for laying water mains in the District of Columbia should be at the rate of $1.25 per linear foot against all lots or land abutting upon the street, road or alley in which a water main shall be laid, such act must be deemed conclusive alike of the question of the necessity of the work and of the benefits as against abutting property. To open such questions for review by the courts, on the petition of any or every property holder, would create endless confusion. Where the legislature has submitted these questions for inquiry to a commission, or to official persons to be appointed under municipal ordinances or regulations, the inquiry becomes in its nature judicial in such a sense that the property owner is entitled to a hearing, or to notice or an opportunity to be heard." *Parsons* v. *Dist. of Col.,* 170 U. S. 45, 52.

This doctrine, in respect of the power of Congress, *generally,* to determine the propriety of a public improvement, the lands benefited thereby which may be subjected to special assessment to meet the cost, and the rule of ascertainment,

15 Ct. App.—6

is not overthrown by the recent decision in *Norwood* v. *Baker*, 172 U. S. 269. That case, as we understand it, denies only the unlimited discretion of the legislature in the premises, and declares that the substantial benefits, actually received, constitute the boundary.

As was said by Mr. Justice Harlan, in delivering the opinion of the majority of the court:

"It is one thing for the legislature to prescribe it as a *general* rule that property abutting on a street opened by the public shall be deemed to have been specially benefited by such improvement, and therefore should specially contribute to the cost incurred by the public. It is quite a different thing to lay it down as an absolute rule that such property, whether it is in fact benefited or not by the opening of the street, may be assessed by the front foot for a fixed sum representing the whole cost of the improvement, and without any right in the property owner to show, when an assessment of that kind is made or is about to be made, that the sum so fixed is in excess of the benefits received. In our judgment, the exaction from the owner of private property of the cost of a public improvement in substantial excess of the special benefits accruing to him is, *to the extent of such excess*, a taking under the guise of taxation of private property for public use without compensation." Id., 279. *Parsons* v. *Dist. of ·Col.* is not denied, but approved with this qualification of what might else be inferred from the decision: "If the cost of laying the water mains in question in that case had exceeded the value of the property specially assessed, or had been in excess of any benefits received by that property, a different question would have been presented." Id. 295.

The authority of the actual decision in the *Parsons Case* remains, therefore, unimpaired for our observance. Congress may order a local improvement, designate the property to be assessed on account of special benefits, and prescribe the proportion of the amount, and the rule of ascertainment,

without preliminary notice to the owners to appear and be heard in respect of the propriety or character of the improvement, or the designation of the taxing district or area. See, also, *Williams* v. *Eggleston,* 170 U. S. 304, 311. But in doing this, Congress may not substantially exceed the actual benefits which the owner of the abutting or neighboring property shall receive from the improvement. And if it does, the assessment may be corrected, or vacated by injunction—which was the remedy applied in *Norwood* v. *Baker*—or through some other appropriate proceeding.

5. That the construction of sidewalks in the streets of the city of Washington is not only of advantage to the public, but also a special benefit, in some measure, to the abutting lots of private owners, seems to admit of no reasonable question; and the power of Congress to require their construction partly at the cost of such owners, when the charge imposed does not substantially exceed this benefit, is likewise undoubted. This being the case, notice to the owner is necessary only at some time before the settlement of the assessment against his property, in order that he may be heard, if he so desire, to question the constitutionality of the law, the facts in respect of the cost of the work, and whether the amount charged exceeds the special benefit received by him. *Dist. of Col.* v. *Burdgorf,* 6 App. D. C. 465, 481; *Spencer* v. *Merchant,* 125 U. S. 345, 357; *Norwood* v. *Baker,* 172 U. S. 296.

Original assessments under different Acts of Congress have been declared invalid for the failure to give some such notice, but not for the want of power to make them in a regular manner with due regard to the rights of private owners. *Allman* v. *Dist. of Col.,* 3 App. D. C. 8, 24; *Jones* v. *Dist. of Col.,* 3 App. D. C. 26; *Burgdorf* v. *Dist. of Col.,* 6 App. D. C. 465.

Where an assessment has been vacated upon such grounds, there can be no doubt of the power of the legislature to provide for a reassessment through a proceeding having due

regard to the constitutional rights of the landowner. *Spencer* v. *Merchant*, 125 U. S. 345; *Norwood* v. *Baker*, 172 U. S. 269, 293, 295.

The Act of Congress under which the reassessment complained of in this case was made, is recited above. That act not only directed a reassessment where one had been vacated for certain irregularities specifically mentioned, but also " for any technical reason other than the right of the public authorities to levy the tax or make the improvement in respect of which the assessment was levied." The plain intention of the act seems to be, that, where there is a valid law ordering, or conferring the right to order, an improvement which is within the power of Congress, and imposing, or ordering the imposition of, a tax therefor, no property owner shall escape the burden by reason of any irregularity in the original assessment, provided the Commissioners shall, within ninety days from the date of the judgment or decree annulling the same, reassess it in the proper manner. The reassessment of petitioner, as shown by the record of the proceedings exhibited in the return to the writ, appears to have been regularly made in conformity with the law. The Commissioners provided a rule regulating the giving of notice to the parties interested. That notice was given in this case to the petitioner to appear and present his objections to the proposed reassessment. The place,. day and hour of the hearing were stated in the notice. He failed to appear and the Commissioners, after his default, proceeded to assess against his property the amount of one-half of the actual cost of the improvements as ascertained by them. There is no claim whatever that the amount assessed exceeded the special benefit received from the improvement.

6. No exception was taken to the return made to the writ in the court below, but objection is now made to its sufficiency because it does not show the particular grounds upon which the first assessment was vacated. The contention is that it must therefore be presumed that the assessment was

declared void because of the invalidity of the Act of Congress conferring the power to make the improvement and to assess any part of the cost against the abutting lots. We pass by the question whether such an objection to the return should not have been specially made in the court below, where, if found well taken, the defect could have been amended.

It is also unnecessary to determine whether that judgment was an essential part of the proceedings in reassessment, for, if so, the necessity for its inclusion in the return was obviated by the action of the petitioner himself, who set it out in general terms as if a material part of his own case.

At any rate, the Act of Congress under which that assessment was made was not, and therefore could not have been held to be, unconstitutional. Consequently, the only ground upon which it could have been vacated was the want of the requisite notice, or the existence of some other irregularity in the proceeding amounting to a denial of due process of law.

Having given the questions involved in this case the consideration which their grave importance to both public and private interests demand, we perceive neither want of power to make the reassessment nor substantial irregularity in the proceedings therefor. If we have mistaken the effect of the decision in *Norwood* v. *Baker,* or erred in its application to the facts of this case, we are gratified to know that the petitioner is not without remedy in the court of last resort.

For the reasons given, the judgment vacating the reassessment will be reversed with costs, and the cause remanded with direction to dismiss the petition.              *Reversed.*